UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTONIO G. MOUTRY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:25-CV-418-CLC-JEM |
| STATE OF TENNESSEE, | ) | |
| Respondent. | ) | |

# MEMORANDUM & ORDER

Petitioner, a state prisoner, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. On August 28, 2025, this Court entered an Order denying Petitioner's motion to proceed *in forma pauperis* and ordering Petitioner to pay the $5.00 filing fee within thirty (30) days of entry of the Order [Doc. 4]. The Order warned Petitioner that failure to comply with the Order would result in the dismissal of this action [*id.* at 1]. The deadline has passed, and Petitioner has not paid the filing fee or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action where a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). Rule 41(b) applies in this action. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied in proceedings under these rules."). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Application of those factors weighs in favor of dismissing this action. Petitioner has willfully failed to comply with the Court's August 28 Order, and the Court expressly warned Petitioner that it would dismiss this action without further notice for non-compliance [*See* Doc. 4 at 1]. And Petitioner has made the decision not to comply with, or even respond to, the Court's Order. Given the Court's clear instructions and express warnings, alternative sanctions are not appropriate. Accordingly, the Court **DISMISSES** this action under Rule 41(b).

Considering this ruling, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" on any claim rejected on its merits, which a petitioner can do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate the Court's assessment, a **COA WILL NOT ISSUE**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally

2

Case 3:25-cv-00418-CLC-JEM    Document 6    Filed 10/17/25    Page 2 of 3    PageID #: 30

frivolous. *See* Fed. R. App. P. 24(a). Therefore, should Plaintiff file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See id*.

        **SO ORDERED.  AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

/s/  
**CURTIS L. COLLIER**  
**UNITED STATES DISTRICT JUDGE**